# In the Court of Common Pleas of Schuylkill Co.

## MORTIMORE *v.* O'REAGAN.

It is the duty of a party taking up an award of arbitrators, to file it in the prothonotary's office without unnecessary delay. Where he willfully retains it in his possession over twenty days, he loses his right of appeal by his own default.

Rule to strike off an appeal.

Opinion delivered by

WALKER, J.    In this case an award of arbitrators was made on January 3d, 1872, in favor of the defendant. The plaintiff at whose instance the rule to arbitrate had been entered, took up the award on the same day it was made, and retained it in his possession until the 11th November, 1872.

On 1st April, 1872, the defendant took a rule upon the plaintiff to file the award, returnable to argument day. On the 9th November, 1872, the rule was argued, and upon same day made absolute; and upon application for an attachment, the plaintiff filed the award on 11th November. On the 6th November the plaintiff appealed, and the present rule to strike off the appeal was granted on 2d December following.

Under this statement, was the appeal taken in time?

The act of Assembly (Purdon's Dig. 84 Pl. 47 & 48) requires the arbitrators to transmit their award to the prothonotary within seven days after signing under penalty of receiving no compensation.

The paper containing the award is a part of the records of the court. A party to a suit has no right to take up an award, except for the purpose of transmitting it to the prothonotary, or filing it in his office. He has no legal right to retain it in his possession a moment longer than it is absolutely necessary. The law makes it the duty of the arbitrators to transmit their finding to the prothonotary, and as it is a court record, issuing out of the court, bearing the seal of the court and the signature of its officer, neither party to the suit has any right to take it, much less to retain it adversely. See Boone v. Reynolds, 1 S. & R. 231.

It is therefore no excuse for the plaintiff to say that he was not asked for it. His duty was imperative, without being asked. We can hardly suppose that the law which attaches a penalty to the action of the arbitrators for retaining it over seven days, would allow a party, against whom it is made, to hold it for an indefinite period from mere caprice, neglect, or design.

In this case the plaintiff did not file the award until after a rule was taken on him, argued and determined, and an application for an attachment was about being made. Such an one deserves no favor from our hands, even if we had any discretion. Having retained it against every effort of the defendant for more than nine months, if he were still allowed

the twenty days for an appeal, he would be greatly benefitted by his own wrong. This no court of justice would tolerate. If it did, there is nothing to prevent any party against whom an award might hereafter be made, to obtain possession of the paper through trick, fraud, or otherwise, and then require the court to go through all the dilatory motions preceding a final determination of a rule, in order to gain time beyond what the law gives him.

It is to be hoped that there will be no repetition of the same circumstances. Rule made absolute.